IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LEXINGTON LUMINANCE LLC | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | No. 1:12-cv-11551-NMG |
| | § | |
| OSRAM SYLVANIA INC | § | JURY DEMANDED |
| | § | |
| *Defendant*. | § | |
| | § | |

**LEXINGTON LUMINANCE LLC'S MOTION TO STRIKE OSRAM SYLVANIA INC.'S TENTH AFFIRMATIVE DEFENSE AND DISMISS ITS THIRD COUNTERCLAIM UNDER RULE 12**

Plaintiff Lexington Luminance LLC ("Lexington" or "Plaintiff") files this Motion to Strike the Tenth Affirmative Defense of Defendant Osram Sylvania Inc. ("Osram" or "Defendant"). Lexington further files this Motion to Dismiss Osram's Third Counterclaim under Fed. R. Civ. P. 12, and states as follows:

## SUMMARY OF THE MOTION

1. Lexington filed this lawsuit against Osram and accused them of infringing U.S. Patent No. 6,936,851 ("the '851 Patent"). Osram recently filed an answer and asserted an affirmative defense and counterclaim based on inequitable conduct. Osram's inequitable conduct counterclaim should be struck pursuant to Fed. R. Civ. P. 12(f) for failing to meet the pleading requirements of Fed. R. Civ. P. 9(b). Further, Osram's counterclaim should be dismissed under Fed. R. Civ. P. 12(b)(6).

2. In *Therasense* the Federal Circuit raised the pleading standard for inequitable conduct due to its acknowledgement that "[l]eft unfettered, the inequitable conduct doctrine has plagued not only the courts but also the entire patent system…

[because] allegations of inequitable conduct are routinely brought on 'the slenderest grounds ...'" To meet this new standard Osram must (i) identify at least one undisclosed reference that is but-for material to at least one claim of the '851 patent, (ii) identify an individual that knew of the materiality of these references, and (iii) show that a specific intent to deceive the U.S. Patent and Trademark Office ("PTO") is the single most likely explanation for the nondisclosure of these references.

3.  Osram's pleading is deficient because it does not demonstrate that the cited reference is but-for material.

## BACKGROUND

4.  In its Original Complaint (Dkt. 1), Lexington accused Osram of infringing the '851 Patent.

5.  On November 13, 2012, Osram filed its Answer and Counterclaims (Dkt. 15). Osram's Answer and Counterclaims included a Tenth Affirmative Defense and Third Counterclaim based on inequitable conduct.

6.  Osram's inequitable conduct defense and counterclaim are based on the non-disclosure of U.S. Patent No. 5,311,533 ("the '533 Patent"). The inventor of the '851 Patent, Dr. Tien Yang Wang, is also a co-inventor of the '533 Patent.

7.  Osram alleged the following regarding the materiality of the '533 Patent:

> The '533 Patent was material to the '851 Patent application. Among other things, claims 1 through 14 of the '851 Patent were not patentably distinct from claims 1 through 22 of the '533 Patent, anticipated by the '533 Patent and/or obvious in light of the '533 Patent.

8.  Osram makes only a conclusory allegation regarding the materiality of the '533 Patent. Osram offers no facts to support its allegation.

## ARGUMENT AND AUTHORITIES

9. Osram's inequitable conduct affirmative defense and counterclaim must be dismissed because Osram failed to show that the '533 Patent was but-for material.

10. Inequitable conduct is a species of fraud so it must be pled with particularity under Fed. R. Civ. P. 9(b). *See Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326 (Fed. Cir. 2009). And to meet these pleadings requirements, a defendant must set forth a particularized factual basis that supports its inequitable conduct defense. *Id*. at 1326-27. So, to properly plead an inequitable conduct defense a defendant must "identify the specific who, what, when, where and how of the material misrepresentation or omission committed before the PTO." *Id*. at 1328.

11. To prevail on an inequitable conduct defense, a defendant must prove by clear and convincing evidence that the patentee "misrepresented or omitted material information with the specific intent to deceive the PTO." *See Therasense, Inc. v. Becton, Dickinson and Co., 649 F.3d 1276, 1288 (Fed. Cir. 2011).* While it is understood that such a showing is not required at the pleading stage, in *Therasense,* the Federal Circuit heightened the standards required to prove both materiality and specific intent due to its finding that "[l]eft unfettered, the inequitable conduct doctrine has plagued not only the courts but also the entire patent system… [because] allegations of inequitable conduct are routinely brought on 'the slenderest grounds'..." *Therasense*, 649 F.3d at 1289. Accordingly, materiality must be shown to be but-for materiality, meaning the "PTO would not have allowed a claim had it been aware of the undisclosed prior art." *Id*. at 1291. Similarly, specific intent now requires a showing that a specific intent to deceive the PTO is the "single most reasonable inference able to be drawn from the evidence." *Id*. at 1290.

12.     Osram must make a plausible showing with the specificity required by Fed. R. Civ. P. 9(b) that the '533 Patent was but-for material to the prosecution of the '851 Patent. *See Pfizer Inc. v. Teva Pharms. USA, Inc.*, No. 2:10cv128, 2011 WL 3563112, at *19 (E.D. Va. Aug. 12, 2011).

13.     Osram has failed to plead facts sufficient to show that the '533 Patent was but-for material to any claim of the '851 Patent. Proving a reference is but-for material is a two-step process that requires "a detailed factual analysis of the relevance of the teachings of that reference both with respect to the claims of the patents-in-suit and with respect to the other prior art references that were before the examiner." *See ION, Inc. v. Sercel, Inc.*, 5:06-CV-236-DF, 2010 WL 3912724, at *6 (E.D. Tex. Sept. 16, 2010) (citing *Dayco Products, Inc. v. Total Containment, Inc.*, 329 F.3d 1358, 1367 (Fed. Cir. 2003)). Osram has failed to demonstrate but-for materiality.

14.     First, Osram has not demonstrated but-for materiality because it has not shown the relevance of the '533 Patent to the claims of the '851 Patent. *See Exergen*, 757 F.3d at 1329. To demonstrate the materiality of a reference, a defendant's pleading must "identify which claims, and which limitations in those claims, the withheld references are relevant to" and state "where in the references the material information is found …" *Id.* Materiality is not established by showing that the reference is in the same general field as the patent-at-issue. *See ION, ,* 2010 WL 3912724, at *7 ("In other words, while the McBrien patent may be in the same general field as the '242 patent, its disclosure is fundamentally different from the invention claimed in the '242 patent.").

15.     While Lexington does not dispute that Osram's pleading sufficiently satisfied the "who" prong of *Exergen*, the pleading fails to meet the standards for establishing the "what," "where" and "how" of the alleged material omission. In order to satisfy this

standard, the pleading must set forth "which claims, and which limitations in those claims, the withheld references are relevant to, and where in those references the material information is found" as well as "the particular claim limitations, or combination of claim limitations, that are supposedly absent from the information of record." *Exergen*, 575 F.3d at 1329. Osram fails to make either showing, as the pleading does not identify the particular claims of the '851 Patent to which the '533 Patent would be relevant, nor does it indicate where within those references the material information may be found.

16.   For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 129 S.Ct. at 1949. Thus, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truth. *Id.* at 1940; *In re Nice Sys., Ltd. Sec. Litig.*, 135 F. Supp. 2d 551, 565 (D.N.J. 2001).

## **CONCLUSION**

17.   Osram has not shown that the '533 Patent is but-for material to the '851 Patent. Accordingly, Osram's Tenth Affirmative Defense should be struck under Fed. R. Civ. P. 12(f) and its Third Counterclaim should be dismissed under Fed. R. Civ. P. 12(b)(6) for failing to meet the pleading requirements of Fed. R. Civ. P. 9(b).

| | |
|---|---|
| DATED: December 18, 2012 | Respectfully submitted, |

                                              **LEXINGTON LUMINANCE LLC**,
                                              By its attorneys,

                                              /s/ *Robert D. Katz*
                                              David S. Godkin  (BBO#196530)
                                              Anne Marie Longobucco (BBO#649299)
                                              BIRNBAUM & GODKIN LLP
                                              280 Summer Street
                                              Boston, MA 02210
                                              617-307-6100
                                              godkin@birnbaumgodkin.com
                                              longobucco@birnbaumgodkin.com

                                              Robert D. Katz (TX# 24057936)
                                              KATZ PLLC
                                              6060 N. Central Expressway, Suite 570
                                              Dallas, TX 75206
                                              214-865-8000
                                              rkatz@katzlawpllc.com

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1

I hereby certify that counsel for the parties conferred regarding the issues presented by this motion and that the parties have been unable to resolve this issue.

                                              /s/ *Robert D. Katz*
                                              Robert D. Katz

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the above date.

                                              /s/ *Robert D. Katz*
                                              Robert D. Katz