IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LEXINGTON LUMINANCE LLC | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | No.  1:12-cv-11551-NMG |
| | § | |
| OSRAM SYLVANIA INC | § | JURY DEMANDED |
| | § | |
| *Defendant*. | § | |
| | § | |

**LEXINGTON LUMINANCE LLC'S MOTION TO STRIKE OSRAM SYLVANIA INC.'S AMENDED TENTH AFFIRMATIVE DEFENSE AND DISMISS ITS AMENDED THIRD COUNTERCLAIM**

Plaintiff Lexington Luminance LLC ("Lexington" or "Plaintiff") files this Motion to Strike the Tenth Affirmative Defense of Defendant Osram Sylvania Inc.'s ("Osram" or "Defendant") First Amended Answer.  Lexington further files this Motion to Dismiss Osram's Third Counterclaim of its First Amended Counterclaims under Fed. R. Civ. P. 12, and states as follows:

## BACKGROUND

1.   On August 21, 2012, Lexington filed this lawsuit against Osram and accused them of infringing U.S. Patent No. 6,936,851 ("the '851 Patent"). (Dkt. 1).  On November 13, 2012, Osram filed its first answer and asserted an affirmative defense and counterclaim based on inequitable conduct.  (Dkt. 15).  On December 18, 2012, Lexington moved to strike Osram's inequitable conduct defense and to dismiss its counterclaim.  (Dkt. 18).  On January 7, 2013, Osram amended its inequitable conduct defense and counterclaim.  (Dkt. 24) ("*Answer*").

## SUMMARY OF THE MOTION

2. Osram's inequitable conduct pleadings remain insufficient, and therefore Osram's amended inequitable conduct counterclaim should be struck pursuant to Fed. R. Civ. P. 12(f) for failing to meet the pleading requirements of Fed. R. Civ. P. 9(b). Further, Osram's amended counterclaim should be dismissed under Fed. R. Civ. P. 12(b)(6).

3. In *Therasense, Inc. v. Becton, Dickinson and Co.,* the Federal Circuit raised the pleading standard for inequitable conduct due to its acknowledgement that "[l]eft unfettered, the inequitable conduct doctrine has plagued not only the courts but also the entire patent system… [because] allegations of inequitable conduct are routinely brought on 'the slenderest grounds ...'" *Therasense,* 649 F.3d 1276, 1288 (Fed. Cir. 2011). To meet this new standard Osram must (i) identify at least one undisclosed reference that is but-for material to at least one claim of the '851 patent, (ii) identify an individual that knew of the materiality of these references, and (iii) show that a specific intent to deceive the U.S. Patent and Trademark Office ("PTO") is the single most likely explanation for the nondisclosure of these references.

4. Osram's pleading is deficient because it does not demonstrate that the cited reference is but-for material.

**ARGUMENT AND AUTHORITIES**

5. Fed. R. Civ. P. 12(b)(6) provides for the dismissal of actions that fail to state a claim upon which relief can be granted. Although a complaint need not contain "detailed factual allegations" in order to survive a motion to dismiss, the complaint must incorporate "enough facts to state a belief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires more

than a mere possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). Fed. R. Civ. P. 12(f) allows a court, acting either on its own or on motion made by a party, to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

6. A district court evaluating the sufficiency of a pleading alleging inequitable conduct shall apply the law of the United States Court of Appeals for the Federal Circuit, rather than the law of the regional circuit court. *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326 (Fed. Cir. 2009).

7. Inequitable conduct is a species of fraud so it must be pled with particularity under Fed. R. Civ. P. 9(b). *Exergen,* 575 F.3d at 1326. And to meet these pleadings requirements, a defendant must set forth a particularized factual basis that supports its inequitable conduct defense. *Id.* at 1326-27. So, to properly plead an inequitable conduct defense a defendant must "identify the specific who, what, when, where and how of the material misrepresentation or omission committed before the PTO." *Id.* at 1328. Moreover, "a pleading of inequitable conduct under Rule 9(b) must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO." *Id.* at 1328-29.

8. To prevail on an inequitable conduct defense, a defendant must prove by clear and convincing evidence that the patentee "misrepresented or omitted material information with the specific intent to deceive the PTO." *Therasense,* 649 F.3d at 1288. While it is understood that such a showing is not required at the pleading stage, in

*Therasense,* the Federal Circuit heightened the standards required to prove both materiality and specific intent due to its finding that "[l]eft unfettered, the inequitable conduct doctrine has plagued not only the courts but also the entire patent system… [because] allegations of inequitable conduct are routinely brought on 'the slenderest grounds'..." *Id.* at 1289. Accordingly, materiality must be shown to be but-for materiality, meaning the "PTO would not have allowed a claim had it been aware of the undisclosed prior art." *Id.* at 1291. Similarly, specific intent now requires a showing that a specific intent to deceive the PTO is the "single most reasonable inference able to be drawn from the evidence." *Id.* at 1290.

9. Osram's inequitable conduct defense and counterclaim are based on the non-disclosure of U.S. Patent No. 5,311,533 ("the '533 Patent").[1] The inventor of the '851 Patent, Dr. Tien Yang Wang, is also a co-inventor of the '533 Patent.

10. Osram alleged the following regarding the materiality of the '533 Patent:

> 27. The '533 Patent was material to the '851 Patent because it extablishes [sic] a prima facie case of unpatentability.. Among other things, claims 1 through 14 of the '851 Patent are not patentably distinct from the disclosure '533 Patent, are anticipated by the '533 Patent and/or obvious in light of the '533 Patent.
>
> 28. More specifically, Figure 6 of the '533 Patent discloses substantially all of the recited elements of Claim 1 of the '851 Patent, namely a substrate, a textured district defined on the surface,[sic] of said substrate comprising a plurality of etched trenches having a sloped etching profile with a smooth rotation of micro-facets without a prescribed angle of inclination; a first layer disposed on said textured district;[sic] comprising a plurality of inclined lower portions; and a light-emitting structure containing an active layer disposed on said first layer. Furthermore, the '533 Patent further discloses the use of $Si_3N_4$ as a mask for etching. *See,* e.g., '533 Patent, col.4, ll. 6-7.
>
> 29. Claim 5 of the '851 Patent further recites a ""plurality of mask districts," the recitation of mask districts being the only non-common

---

[1] A copy of U.S. Patent No. 5,311,533 accompanies this Motion as Exhibit A.

recitation between Claims 1 and 5 of the '851 Patent. Therefore, the '533 Patent similarly discloses substantially all the recited elements of Claims 5 of the '851 Patent, and was therefore material to the invention described in the '851 Patent.

*Answer* ¶¶ 27-29.[2]

11.   Most of Osram's assertions cited above are conclusions – not factual allegations – and are not entitled to the assumption of truth.  *See Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1950 (2009) ("[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.").  Contrary to Osram's assertions, Figure 6 of the '533 Patent does not disclose the recited elements of Claim 1 of the '851 Patent.  Lexington finds no mention of a "textured district," a "plurality of etched trenches," a "sloped etching profile," a "smooth rotation of micro-facets," or any other claim limitations.  Further, the '851 Patent describes a solution for solving the lattice mismatch problem between the substrate and the first layer in contact with the substrate.  The '533 Patent fails to even mention the lattice mismatch problem, much less suggest a solution for it.

12.   Osram must make a plausible showing with the specificity required by Fed. R. Civ. P. 9(b) that the '533 Patent was but-for material to the prosecution of the '851 Patent.  *See Pfizer Inc. v. Teva Pharms. USA, Inc.*, No. 2:10cv128, 2011 WL 3563112, at *19 (E.D. Va. Aug. 12, 2011).  Osram's assertions fail to show how it is even conceivable that the '533 Patent is material to the '851 Patent, let alone nudge its claim "across the line from conceivable to plausible."  *See Twombly*, 550 U.S. at 570.

13.   Other than references to incorrect or vague similarities, Osram makes only conclusory allegations regarding the materiality of the '533 Patent.  Osram's facts do not

---

[2] Counterclaim paragraphs 31 – 33 contain similar or identical language.

support its allegations. Further, the vague similarities identified in the defenses and counterclaims do not create a plausible inference that Dr. Wang withheld material information from the patent office with deceptive intent.

14. While Lexington does not dispute that Osram's pleading sufficiently satisfied the "who" prong of *Exergen*, the pleading fails to meet the standards for establishing the "what," "where" and "how" of the alleged material omission. In order to satisfy this standard, the pleading must set forth "which claims, and which limitations in those claims, the withheld references are relevant to, and where in those references the material information is found" as well as "the particular claim limitations, or combination of claim limitations, that are supposedly absent from the information of record." *Exergen*, 575 F.3d at 1329. Osram fails to make either showing, as the pleading does not identify the particular claims of the '851 Patent to which the '533 Patent would be relevant, nor does it indicate where within those references the material information may be found.

15. In addition, in order for Osram to establish the "how" and "why" a given reference is material, it must "identify the particular claim limitations, or combination of claim limitations, that are supposedly absent from the information of record." *Exergen*, 575 F.3d at 1329. LGSC has also failed to make this showing. Moreover, Osram's pleading must include sufficient allegations of underlying facts from which a court may reasonably infer that Dr. Wang withheld or misrepresented this information with a specific intent to deceive the PTO." *Id.* at 1328-29. LGSC's pleadings likewise fail in this regard.

16. For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at, 570). "Threadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice." *Id.* In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Gargano v. Liberty Int'l Underwriters, Inc*., 572 F.3d 45, 48 (1st Cir. 2009). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 129 S.Ct. at 1949. Thus, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truth. *Id.* at 1940.

## CONCLUSION

17. Osram's Amended Tenth Affirmative Defense should be struck under Fed. R. Civ. P. 12(f) and its Amended Third Counterclaim should be dismissed under Fed. R. Civ. P. 12(b)(6) for failing to meet the pleading requirements of Fed. R. Civ. P. 9(b).

DATED: January 21, 2013                     Respectfully submitted,

**LEXINGTON LUMINANCE LLC**,
By its attorneys,

/s/ *Robert D. Katz*
David S. Godkin  (BBO#196530)
Anne Marie Longobucco (BBO#649299)
BIRNBAUM & GODKIN LLP
280 Summer Street
Boston, MA 02210
617-307-6100
godkin@birnbaumgodkin.com
longobucco@birnbaumgodkin.com

Robert D. Katz (TX# 24057936)
KATZ PLLC
6060 N. Central Expressway, Suite 570
Dallas, TX 75206
214-865-8000
rkatz@katzlawpllc.com

**CERTIFICATE PURSUANT TO LOCAL RULE 7.1**

I hereby certify that counsel for the parties conferred regarding the issues presented by this motion and that the parties have been unable to resolve or narrow this issue.

/s/ *Robert D. Katz*
Robert D. Katz

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the above date.

/s/ *Robert D. Katz*
Robert D. Katz